## COCHRAN ex et v WALTER BRICK & CLAY PRODUCTS CO

Ohio Appeals, 9th Dist, Summit Co

No 1927. Decided Dec 1, 1931

Myers, Dinsmore & Whittemore, Akron, for plaintiff in error.

May & May, Akron, for defendant in error.

## PER CURIAM

First, it is claimed that, the suit being in the short form upon an account, said contract, to which plaintiff was not a party, was not competent evidence in the case.

We think this claim is well taken. It is, of course, true that in a suit upon an account, the plaintiff may prove its case by proof of a fully performed contract, express or implied, between the plaintiff and the defendant, but we do not think that, in an action upon an account under the short form, the plaintiff can prove its case by proof of a contract to which it is not a party, even if the defendant is a party to the contract and it is made for the benefit of the plaintiff. When a person, not a party to a contract, who claims that the contract is for its benefit, desires to obtain that benefit, it must bring an appropriate action therefor, and is not entitled to obtain the benefit thereof in an action upon an account under the short form.

But it is claimed, in the second place, that the contract in question was not made for the benefit of the plaintiff, and that it can have no right of action thereunder against the estate of Mrs. Cochran.

Parts of the contract made between the defendants, the Van Buskirk Co. and Mrs. Cochran, upon which the plaintiff relies, are the following:

"This agreement * * *

"Par. 1. WITNESSETH: That said contractor agrees * * * to construct a dwelling house and single garage * * * for the owner * * * for a sum equal to the actual cost to the contractor of constructing the said dwelling house and single garage plus one-half of the net profits made by the owner upon the sale of the premises.

"Par. 2. Said owner agrees to procure a first mortgage on the premises, money from same to apply on the construction of the said house, and to make payments to the contractor as follows:

"1. * * *

"2. For materials furnished by contractor or material men on or before the 10th of each month for the preceding month.

"3. * * *

"4. * * *

"In the event that the amount obtained by the first mortgage is insufficient to meet all of the cost of material and labor, the balance of the money necessary to meet such cost shall be furnished by the parties equally.

"Par. 3. The parties agree that the owner may pay all bills of material men or subcontractors direct, but that bills for labor

furnished by the contractor are to be paid to the said contractor. * * *

"Par. 5 Owner agrees to place the house for sale on the market and to so continue to offer it for sale from the time building operations are begun until it is sold. * * *

"Par. 11. Upon consummation of the sale of the premises either by land contract or otherwise, the owner agrees to pay to the contractor in consideration of this undertaking, a sum equal to one-half of the net profit realized from said sale and hereby assigns that amount to the said contractor and agrees to hold same in trust for the said contractor, and to pay it on demand, the contractor to receive no portion of this money however until the work is completed according to contract. Owner agrees that if the amount of down payment made by the purchaser at the time of the sale is insufficient to pay off all of his equity therein, the owner will accept a second mortgage on the premises for his lot in lieu of money and contractor agrees to accept its share of the profits in the same manner as the owner either in mortgage security or cash as the case may be. * * *"

By the terms of said paragraph 2, Mrs. Cochran was to make payment for the materials direct to said contractor, unless she elected to pay them herself, which she did not do.

She did not contract the indebtedness directly, and the evidence does not show that she authorized any one to do it in her behalf. The plaintiff was not a party to the contract and it was not entered into for its benefit, and it does not have any interest directly or indirectly in its performance. Under these circumstances it cannot recover in this action, though it may be benefited incidentally by said contract.

We therefore hold that the trial court committed prejudicial error in admitting said contract in evidence, and without it in evidence there can be no claim, under the petition as drawn, that there was a partnership or joint enterprise which would make the estate of Mrs. Cochran liable upon the account sued upon.

Judgment against the estate of M. Elsie Cochran reversed, and cause remanded.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.